

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1836 | **DATE** | MAY 2, 2008 |
| **CASE TITLE** | United States ex rel. James Blackman ((N 62837) v. Terry McCann | | |

**DOCKET ENTRY TEXT:**

Petitioner James Blackman has filed a amended petition for habeas corpus relief and has paid the $5 filing fee. Petitioner is given 30 days to show cause why his amended petition should not be dismissed without prejudice or stayed pending exhaustion of state court remedies. Failure to respond to this order within 30 days may result in dismissal of this case without prejudice.

■ [For further details see text below.]

## STATEMENT

Petitioner James Blackman ((N-62837) has filed an amended petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner challenges his guilty-plea conviction for a drug offense and criminal intimidation, which he indicates was entered on either February 24, 2006, or April 23, 2007. He asserts that false information was provided with respect to a warrant. He may also be alleging that his attorney was ineffective for not filing an appeal. The clerk has accepted the petition for purposes of being filed in accordance with Fed. R. Civ. P. 5(e).

Petitioner indicates that he filed neither a direct appeal nor a post-conviction petition following his guilty-plea conviction. An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *Rose v. Lundy*, 455 U.S. 509 (1982). Also, to avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts before he may obtain federal review of those claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). Procedural default may be excused only upon showing cause and prejudice or that petitioner is actually innocent. Although ineffectiveness of counsel may be grounds for cause, such an ineffective assistance of counsel claim, itself, should first be presented to the state courts before presenting such a reason for cause before this court. *See Lewis*, 390 F.3d at 1026-27.

The amended petition indicates that petitioner is attempting to bring claims in federal court that were never presented to the state courts. Petitioner should present these claims to the state courts before seeking federal habeas relief, or state why he is unable to present the claims to the state courts. If petitioner did not seek an appeal directly following his conviction in the state trial court, he may have three years to seek state post-conviction relief. *See* 725 ILCS 5/122-1(c); *see also Dolis v. Chambers*, 454 F.3d 721, 723 (7th Cir. 2006).

Accordingly, petitioner is ordered to show cause why his current habeas petition should not be dismissed without prejudice or stayed to allow him to present his claims to the state courts. Petitioner should state what claims he seeks to raise before this court, and state whether he has raised or attempted to raise those claims in state court. Failure to respond to this order within 30 days of the date of the order may result in dismissal of this case without prejudice.

isk